IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**RICHARD A. BOWER, EQUAL**
**EMPLOYMENT OPPORTUNITY**
**COMMISSION, and JOHN OSWALD,**

                Plaintiffs,

**RICHARD A. BOWER,**

                Plaintiff-Intervenor,

**SHARON HERDRICH, LUIS MORALES,**
**and TIM WIESE,**

                Plaintiffs-Intervenors,

v.                                                             Case No. 2:94-cv-02862-BBC-cgc

**FEDERAL EXPRESS CORPORATION,**

                Defendants.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF-INTERVENORS'**
**APPLICATION FOR ATTORNEY FEES AND COSTS**

---

Before the Court is Plaintiff-Intervenors Sharon Herdrich, Luis Morales, and Tim Wiese's ("Intervenors") Application for Attorney Fees and Costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205 ("ADA") (D.E. #571). After Intervenors were held to be prevailing parties by the District Court, the fee-determination issue was referred to United States Magistrate Judge Charmiane G. Claxton for Report & Recommendation (D.E. #564). For the reasons set forth herein, the Court RECOMMENDS that Intervenors' Application for Attorneys Fees and Costs be DENIED.

1

**I. Introduction**

This motion arises from ADA claims brought by the Equal Employment Opportunity Commission ("EEOC") against Federal Express Corporation, Inc. ("FedEx"). At issue in the instant case was the inability of certain FedEx employees to utilize the fringe benefit of the "jumpseat" air travel program due to their disabilities. Intervenors, who are current and former deaf employees of FedEx, intervened in the instant action on March 4, 1997.[1] Intervenors were represented by the California Center for Law and the Deaf ("CalCLAD"), which also represented eleven other deaf individuals who were members of the EEOC class but were not named intervenors in this action.

Following extensive litigation and the eventual discontinuation of the jumpseat program, the EEOC and FedEx filed a Notice of Settlement on February 22, 2007 stating that they had resolved all remaining claims and that the CalCLAD Intervenors and Bower agreed to the terms of the settlement. On May 29, 2007, the Court entered a Consent Degree between the EEOC and FedEx, which set forth that forty employees identified by the EEOC would receive two hundred dollars for each eighteen months of employment completed during the period of time when the personal jumpseat privilege was available. On May 30, 2007, the Court entered the Judgment.

On June 12, 2007, Bower filed an Application for Attorney Fees under the ADA, 42 U.S.C. § 12205. Upon consideration, Magistrate Judge Tu M. Pham determined that Bower was not a prevailing party under the meaning of the ADA because FedEx made voluntary changes rather than judicially ordered or sanctioned changes and because all of Bower's individual claims were

---

[1] Plaintiff Richard Bower, an employee who could not utilize the jumpseat program due to spina bifida, also intervened in the instant action and additionally filed his own individual claims under the Air Carriers Access Act of 1986, 49 U.S.C. § 41705 ("ACAA"). On November 21, 2006, the Court granted FedEx's Motion for Summary Judgment as to Bower's individual claims, which the Court later clarified on February 7, 2007.

2

dismissed by the court. Further, Magistrate Judge Pham concluded that the "consent decree was negotiated and agreed to by the EEOC and FedEx alone, the decree expressly covered only the EEOC's case against FedEx, and neither Bower nor his attorney were involved in the process." Accordingly, Magistrate Judge Pham filed his Report and Recommendation on October 31, 2007 recommending that Bower not be awarded attorney's fees, which the District Court adopted over no objection on November 29, 2007.

On April 15, 2008, Intervenors filed a Motion to Allow Late Filing of Application for Attorneys' Fees, which the Court granted on May 14, 2008. On June 21, 2008, Intervenors filed a Motion to Determine Plaintiff-Intervenors as Prevailing Parties, which the Court referred to the United States Magistrate Judge. On December 10, 2008, the Court withdrew the referral to the United States Magistrate Judge for purposes of entering an Order Granting Motion to Determine Intervenors as Prevailing Parties; however, the Court did not withdraw the referral regarding the appropriate award of attorneys' fees and instructed that the fee-determination issue would be conducted by the Magistrate Judge.

On January 30, 2009, Intervenors filed an Application for Attorneys Fees and Costs. Intervenors asserted that they obtained a total award of $4,600 for Intervenors and a total award of $14,800 for eleven other CalCLAD clients that were members of the EEOC class but not named intervenors. Intervenors argued that this settlement represented a "major success for what had been a protracted and difficult case" because they met their "primary goal of obtaining fair compensatory relief to Intervenors as well as other clients." In sum, Intervenors request attorneys' fees in the amount of $343,417,17. Intervenors further request an award of attorneys' fees for preparing and litigating the attorney fee case in the amount of three percent of the award in the main case for a total

of $10,037.68. Finally, Intervenors seek reimbursement for $12,377.08 in litigation expenses.[2]

FedEx responds that it was the efforts of the EEOC—not counsel for Intervenors—who obtained the relief for all members of their class. FedEx states that the EEOC "worked diligently on this discovery over the course of several months, with the EEOC visiting the FedEx facilities, and directly engaging in numerous discussions and conferences to complete the process"; however, counsel for Intervenors did not serve any discovery on alternative benefits and "elected not to participate in these proceedings." Although the case eventually concluded with a settlement, FedEx posits that the EEOC was solely responsible for the negotiation of the award of $4600 to Intervenors; however, FedEx argues that counsel for Intervenors is now "riding the coattails" of the EEOC in an attempt to obtain an "absurdly disproportionate amount" of $365,831.93 in attorneys' fees and costs despite the nominal relief obtained by FedEx and the EEOC's consent decree.[3] Accordingly, FedEx asserts that the Court should deny Intervenor's Application for Attorneys' Fees and Costs as Magistrate Judge Tu M. Pham denied Plaintiff Bower's similar Motion for Attorneys' Fees.

On August 3, 2009, Intervenors filed a Reply Memorandum in Support of Application for

---

[2] With respect to the amount of attorneys' fees Intervenors proposes that the rates for the attorneys' fees calculation should be from 2007, which is when the protracted litigation essentially "came to a close." Although Intervenors' counsel are located in the San Francisco Bay area, Intervenors propose that it is reasonable to adjust the proposed fees downward by forty percent to be consistent with the reasonable rates in Memphis, Tennessee. Finally, Intervenors propose that the request is reasonable because they expended an average of less than 100 hours per year from 1993 to 2007 for this "difficult litigation that was not resolved until the eve of trial."

[3] With respect to the eleven unnamed deaf EEOC class members who were not named parties or intervenors to the instant case, FedEx asserts that counsel for Intervenors has no standing to request attorneys' fees and costs for work done on their behalf.

4

Fees and Costs ("Reply") (D.E. #587).[4] Intervenors' Reply argues that they attained significant success and were important contributors to the litigation and its resolution. Intervenors claim that FedEx "attempts to belittle" their efforts to obtain the reasonable accommodation. Intervenors argue that, in their attempt to test the "limits of obligations employers may have under the ADA," they undertook a difficult case against a defendant with "great resources" with the probability of success "stacked against plaintiffs." Thus, Intervenors assert that the Court should not "focus just on the amounts obtained, but on the overall litigation and successes achieved by the Intervenors against great odds to vindicate the congressionally identified policies and rights to eradicate disability discrimination in the ADA." While Intervenors admit that the "EEOC generally took the lead in the litigation," that "the EEOC served the discovery requests" and that "Intervenors' counsel had minimal participation in direct dealings with FedEx regarding this discovery," Intervenors argue that they were "the EEOC's important partners once they entered the case."

**II. Analysis**

The District Court set forth the applicable law in its consideration of Bower's Application for Attorneys' Fees, as follows:

> Federal courts in the United States follow the "American Rule" regarding attorney's fees. Buckhannon Bd. and Care Home, Inc. v. West Va. Dep't of Health and Human Res., 532 U.S. 598, 602 (2001); Doe v. Hogan, 421 F. Supp. 2d 1051, 1055 (S.D. Ohio 2006). Under this rule, parties are ordinarily required to bear their own attorney's fees, and courts generally do not award attorney's fees to a prevailing party absent explicit statutory authority. Buckhannon, 532 U.S. at 602; Doe, 421 F. Supp. 2d at 1055. Congress has explicitly authorized attorney's fees under Section 12205 of the ADA. That provision states that "[i]n any action or administrative

---

[4] Although Intervenors' Application for Attorneys' Fees mentions that Intervenors "may request leave to reply to any response filed by FedEx," the Court notes that Intervenors did not request and therefore the Court did not grant leave to file the Reply. However, while leave to file the Reply should have been sought before filing the Reply, the Court elects not to strike the Reply and to consider the Reply in its determination of the instant Application.

5

proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. The term "prevailing party" is a legal term of art that the Supreme Court has defined as "one who has been awarded some relief by the court." Buckhannon, 532 U.S. at 603.

Further, as the District Court advised in its Order Granting Motion to Determine Plaintiff-Intervenors as Prevailing Parties, prevailing parties are not guaranteed a recovery of attorney's fees in light of that status; instead, prevailing-party status is merely a "statutory threshold" which makes a fee award permissible. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989) (citing Hensley v. Eckerhart, 461 U.S. 242, 433 (1983)). Once a party has been determined to be a prevailing party, the court must use its discretion to determine whether a fee award is appropriate, and, if so, in what amount. Texas State Teachers Ass'n, 489 U.S. at 789-90. The burden rests upon the fee applicant to establish the entitlement to an award and, if an award is appropriate, to document the hours expended and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The District Court explicitly noted in its Order Granting Motion to Determine Plaintiff-Intervenors as Prevailing Parties that, "[i]n some circumstances, even a plaintiff who formally prevails . . . should receive no attorney's fees at all." Farrar v. Hobby, 506 U.S.103, 115 (1992).

In the instant case, the District Court has already considered and denied Bower's Application for Attorney's Fees and Costs. (D.E. #544, 547). In its determination of Bower's Application, the Court relied on the facts that the "consent decree was negotiated and agreed to by the EEOC and FedEx alone," that the consent decree "expressly covered only the EEOC's case against FedEx," and that "[t]he attorneys' fees of private counsel are neither addressed nor are a part of this Consent Decree" to determine that Bower was not entitled to attorneys' fees. While Intervenors argue that they made significant enough contributions to the eventual negotiation of the consent decree to merit

6

an award of fees, the District Court has already reached the contrary conclusion with respect to awards of fees to private counsel. Thus, as Intervenors request attorneys fees based upon their participation in the instant case and as the District Court has found that the resolution is due to the efforts of the EEOC and FedEx, the Court finds that an award of fees is not appropriate in this case.

### III. Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Intervenors' Motion for Attorneys' Fees is hereby DENIED.

**IT IS SO ORDERED** this 14th day of January, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**